# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **ROBIN AULT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Cause No.  1:16-cv-2365-WTL-TAB** |
| | ) | |
| **NANCY A. BERRYHILL, Acting** | ) | |
| **Commissioner of the Social Security** | ) | |
| **Administration,[1]** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Robin Ault requests judicial review of the final decision of the Defendant,

Nancy A. Berryhill, Acting Commissioner of the Social Security Administration

("Commissioner"), denying Ault's application for Disability Insurance Benefits ("DIB") under

Title II of the Social Security Act ("the Act"). The Court, having reviewed the record and the

briefs of the parties, rules as follows.

## I.     APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by

reason of a medically determinable mental or physical impairment which can be expected to

result in death, or which has lasted or can be expected to last for a continuous period of at least

twelve months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must

demonstrate that his physical or mental limitations prevent him from doing not only his previous

---

[1]Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill automatically became the Defendant in this case when she succeeded Carolyn Colvin as the Acting Commissioner of Social Security on January 23, 2017.

work, but any other kind of gainful employment which exists in the national economy, considering the claimant's age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity, he is not disabled, despite his medical condition and other factors. 20 C.F.R. § 404.1520(b). At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits his ability to perform basic work activities), he is not disabled. 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 404.1520(d). At step four, if the claimant is able to perform his past relevant work, he is not disabled. 20 C.F.R. § 404.1520(f). At step five, if the claimant can perform any other work in the national economy, he is not disabled. 20 C.F.R. § 404.1520(g).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id.*, and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). In order to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony presented," he must "provide an accurate and logical bridge between the evidence and [his] conclusion that a claimant is not disabled."

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). "If a decision lacks evidentiary support or is so poorly articulated as to prevent meaningful review, a remand is required." *Id.* (citation omitted).

## II.    BACKGROUND

Ault protectively filed for DIB in August 2010, alleging that he had been disabled since November 2007. Ault's application was denied initially and upon reconsideration. Thereafter, Ault requested and received a hearing before an Administrative Law Judge ("ALJ") in September 2012. The ALJ issued an unfavorable decision, and Ault sought review by the Appeals Council. The Appeals Council granted review and remanded the matter for further consideration. A hearing, during which Ault was represented by counsel, was held by ALJ D. Lyndell Pickett on February 24, 2015. An impartial vocational expert also appeared and testified at the hearing. The ALJ issued his decision denying Ault's claim on February 27, 2015. After the Appeals Council denied his request for review, Ault filed this timely appeal.

## III.    THE ALJ'S DECISION

At step one of the sequential evaluation, the ALJ determined that Ault had not engaged in substantial gainful activity since his alleged disability onset date. The ALJ found that Ault met the disability insured status requirements of the Act through December 31, 2012. At steps two and three, the ALJ concluded that Ault suffered from the following severe impairments: degenerative disc disease of the lumbar spine, obesity, history of coronary artery disease, hypertension, and headaches, but that his impairments, singly or in combination, did not meet or medically equal a listed impairment. At step four, the ALJ determined that Ault had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) except he is further limited to
> occasional balancing, stooping, kneeling, crouching, crawling, and climbing of

ramps and stairs, with no climbing of ladders, ropes or scaffolds. The claimant is
further limited to occasional exposure to hazards such as heights and dangerous
equipment.

Record at 14. The ALJ concluded that Ault was able to perform past relevant work as a small

parts assembler I and that there were additional jobs existing in the national economy that he was

able to perform. Accordingly, the ALJ concluded that Ault was not disabled as defined by the

Act.

## IV.    EVIDENCE OF RECORD

The medical evidence of record is aptly set forth in the parties' briefs and need not be

recited here. Specific facts are set forth in the discussion section below where relevant.

## V.    DISCUSSION

In his opening brief, Ault identifies the issues as follows:

1.    The first issue is whether the Administrative Law Judges failed to
appropriately take into account the symptom evidence of the first hearing for which
the vocational expert stated that there are no jobs.

2.    The second issue is whether the Administrative Law Judges failed to order an
appropriate imaging study of the [sic] Robin Ault's lower back when the x ray
taken did not penetrate deep enough to show his lower spine.

Dkt. No. 11 at 5.

The entirety of the argument on these issues is the following:

In articulating his or her analysis of the evidence, an administrative law judge may not
select and discuss only that favors his or her ultimate conclusion but must articulate his or
her analysis of the evidence to allow the Appellate Court to trace the path of his or her
reasoning, and the failure to consider an entire line of evidence falls below the minimal
level of articulation required. Diaz v. Chater, 55 F.3d 300, 307 (7th Cir. 1996). It is
respectfully submitted that the administrative law judges failed to give proper weight to
Robin Ault's debilitating migraine headaches. The contradictory evidence cited by the
Administrative Law Judges was too old, and a more current evaluation should have been
done.

4

In the orthopedic evaluation the x-ray could not sufficiently penetrate the lower spinal cord to make an accurate evaluation of the leg nerve debilitating problems. [Doc. 7-7, p. 348.] It is respectfully submitted that, under those circumstances, the Administrative Law Judge was obligated to refer Robin Ault for a more appropriate imaging study.

Dkt. No. 11 at 5-6 (errors in original).

As the Defendant aptly notes, Ault's initial brief fails to develop any viable argument. The two "argument" paragraphs are perfunctory, insufficiently developed, and contain a single record citation and a single case citation. "It is not this court's responsibility to research and construct the parties' arguments." *Draper v. Martin*, 664 F.3d 1110, 1114 (7th Cir. 2011).

With regard to Ault's argument regarding his headaches, as the Defendant notes, it is unclear in the opening brief what argument Ault is attempting to make. Perhaps, as the Defendant suggests, Ault is attempting to assert that the ALJ erred in weighing his subjective testimony at the first hearing, that the ALJ erred in considering vocational expert testimony from the first hearing, or that the ALJ erred in failing to obtain additional evidence. In the reply brief, Ault fails to respond to any of the arguments raised by the Defendant and instead argues only that in both hearings the vocational experts stated that there are no jobs that Ault can do. Such is not the case. The VE's opinion testimony is, of course, based on hypotheticals. Perhaps Ault is attempting to argue that the ALJ erred in not crediting Ault's testimony, but that is not the argument he makes. Ault has failed to raise or develop any issue sufficiently for the Court to review it.

Ault's second argument is that the ALJ erred in considering a September 2012 x-ray because the x-ray "could not sufficiently penetrate the lower spinal cord." Dkt. No. 11 at. 6. As the Defendant points out, Ault offers no argument as to how this alleged failure is relevant to his claim. Moreover, the radiologist who reviewed the study noted that lateral views were limited but that he was nonetheless able to determine that Ault's lumbar vertebral bodies had normal

height and alignment, and lumbar disc spaces were preserved. Further, the radiologist noted that the L5-S1 disc space was not well seen, and so he could not exclude "mild disc space narrowing at this level." R. at 348. The ALJ considered this x-ray report along with the remainder of the relevant evidence. While Ault asserts that the ALJ was obligated to refer him for a more appropriate imaging study, he fails to cite any authority to support this proposition or develop an argument as to how a failure to gather additional medical information prejudiced him. ALJs have a "duty to solicit additional information to flesh out an opinion for which the medical support is not readily discernable." *Barnett v. Barnhart*, 381 F.3d 664, 669 (7th Cir. 2004). However, "[m]ere conjecture or speculation that additional evidence might have been obtained in the case is insufficient to warrant a remand." *Binion v. Shalala*, 13 F.3d 243, 246 (7th Cir. 1994). Ault has not argued how he was prejudiced, and reversal is not required.

## VI. <u>CONCLUSION</u>

For the reasons set forth above, the decision of the Commissioner is **AFFIRMED**.

**SO ORDERED: 2/8/18**

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.